UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TRI THAI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 3:22-CV-315-KAC-DCP |
| | ) |
| MOLECULAR PATHOLOGY | ) |
| LABORATORY NETWORK, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION TO DISMISS IN PART**

This case is before the Court on "Defendant's Motion to Dismiss" [Doc. 19]. Defendant "moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of Plaintiff's Complaint because Plaintiff fails to state a claim upon which relief can be granted" [*Id.* at 1]. In responding to Defendant's Motion, Plaintiff asks for leave to amend his Complaint "if any of" his claims are "deemed insufficient" [*See* Doc. 23 at 17]. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** "Defendant's Motion to Dismiss" [Doc. 19] and **DENIES** Plaintiff's request to amend his Complaint [Doc. 23 at 17].

I. **Background**[1]

In the Complaint, Plaintiff alleges that Defendant suffered a "massive and preventable cyberattack purportedly discovered by Defendant on December 17, 2021" [Doc. 1 at 2]. According to Plaintiff, "cybercriminals infiltrated Defendant's inadequately protected network servers and accessed highly sensitive" protected health information ("PHI") and personally identifiable

---

[1] Because Plaintiff is the nonmoving Party, the Court construes the factual allegations in the Complaint in the light most favorable to him, accepts all well-pled factual allegations as true, and draws all reasonable inferences in his favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016).

1

information ("PII") "and financial information belonging to both adults and children," including Plaintiff [*See id.* at 1-2]. Plaintiff contends that "Defendant acquired, collected and stored" his and others' "PHI/PII and/or financial information in connection with its provision of laboratory/testing services" [Doc. 1 at 3]. Plaintiff further alleges that "Defendant delayed investigation, failing to ascertain whether Plaintiff's PHI/PII was impacted by the Data Breach until July 6, 2022" and "delayed informing Plaintiff of the Data Breach until August 4, 2022" [*Id.* at 2].

Plaintiff filed suit against Defendant, alleging claims for (1) negligence, (2) negligence per se, (3) invasion of privacy, (4) breach of confidence, (5) breach of implied contract, (6) breach of the implied covenant of good faith and fair dealing, (7) unjust enrichment, and (8) violation of the Tennessee Consumer Protection Act of 1977 ("TCPA") [*See* Doc. 1]. Plaintiff also seeks to represent a class [*See id.* at 7-9]. Defendant filed the instant Motion to Dismiss [Doc. 19], which seeks dismissal of all eight (8) claims in the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the Motion and also sought leave to amend his Complaint, under Rule 15(a)(2), if the Court "deem[s]" any claim insufficient [Doc. 23 at 17]. However, Plaintiff did not file a copy of a proposed Amended Complaint with his request to amend, as is required by Local Rule 15.1 [*See* Doc. 23]. *See* E.D. Tenn. L.R. 15.1 ("A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion.").

II. **Analysis**

   A. **Defendant's Motion to Dismiss**

Rule 12(b)(6) provides that a Party may move to dismiss a claim, or claims, in a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that

2

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). The Court must construe the operative complaint in the light most favorable to Plaintiff and accept all well-pled factual allegations as true. *See Hogan*, 823 F.3d at 884. "This assumption of veracity, however, does not extend to 'bare assertions' of legal conclusions." *Erdem v. J.B. Hunt Transp., Inc.*, No. 3:22-CV-00216-JRG-CRW, 2023 WL 1116455, at *1 (E.D. Tenn. Jan. 30, 2023) (citing *Iqbal*, 556 U.S. at 678). Indeed, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### 1. Count One: Negligence

Plaintiff alleges that Defendant was negligent because it, among other things, failed "to provide fair, reasonable, or adequate computer systems and data security practices" and failed "to timely and accurately" notify Plaintiff of the breach [*See* Doc. 1 at 21-26]. Under Tennessee law:

> A negligence claim requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause.

*West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005) (quoting *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998)).

Defendant's sole argument for dismissal of Count One is that "Plaintiff fails to establish a prima facie case of negligence" because he "has not alleged a present injury" [Doc. 19 at 6]. Defendant argues that Plaintiff's only alleged injuries are "injuries that may occur at some point in the future" [*See id.*]. However, the Complaint alleges that, "[a]s a direct and proximate result of Defendant's negligence, **Representative Plaintiff** and Class Members **have suffered** and will

3

suffer injury, including but not limited to" "out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of its PHI/PII and financial information" [Doc. 1 at 25 (emphasis added)]. Construing the Complaint's allegations in the light most favorable to Plaintiff, they assert that Plaintiff has already incurred out of pocket expenses as a result of Defendant's actions.[2] "[O]ut-of-pocket expenses" can constitute damages under Tennessee law. *See, e.g.*, *Laxton v. Orkin Exterminating Co.*, 639 S.W.2d 431, 431-32 (Tenn. 1982). Accordingly, the Court **DENIES** "Defendant's Motion to Dismiss" [Doc. 19] with respect to Count One.

2. **Count Two: Negligence Per Se**

To state a claim for negligence per se under Tennessee law, Plaintiff must establish that: "(1) [the] defendant violated a statute or ordinance which imposes a duty or prohibits an act for the benefit of a person or the public; (2) the injured party was within the class of persons whom the legislative body intended to benefit and protect; and (3) the negligence was the proximate cause of the injury." *Weatherly v. Eastman Chem. Co.*, No. E2022-01374-COA-R3-CV, 2023 WL 5013823, at *9 (Tenn. Ct. App. Aug. 7, 2023). Plaintiff alleges that Defendant "violated HIPAA, TCPA, and FTC rules and regulations," which "constitutes negligence per se" [Doc. 1 at 27].

---

[2] Plaintiff, of course, may not rely solely on the alleged injuries of potential class members to state a claim. *See Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568, 570 (6th Cir. 2005) ("The class representative must allege an individual, personal injury in order to seek relief on behalf of himself or any other member of the class." (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)); *see also Perry v. Allstate Indem. Co.*, 953 F.3d 417, 420 (6th Cir. 2020) ("[P]otential class representatives must demonstrate 'individual standing vis-à-vis the defendant; [they] cannot acquire such standing merely by virtue of bringing a class action.'" (quoting *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 582 (6th Cir. 2016)) (alterations in original)). Rule 11 provides that by filing a complaint, an attorney certifies to the Court that, to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the "factual contentions have evidentiary support." *See* Fed. R. Civ. P. 11(b). Violations of Rule 11 may result in sanctions. *See* Fed. R. Civ. P. 11(c).

Defendant moved to dismiss Plaintiff's negligence per se claim on all three (3) statutory or regulatory bases. The Court addresses each in turn.

***First***, Defendant argues that "Plaintiff's claims under HIPAA and the FTC" necessarily fail [Doc. 19 at 10]. Plaintiff does not contest that argument [*See* Doc. 23 at 10-11]. Therefore, Plaintiff forfeits and waives opposition to dismissal on that basis. *See Notredan, LLC v. Old Repub. Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) ("Notredan's response to the motion to dismiss did not address this argument. This failure amounts to a forfeiture of the [] claim."); E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

***Second***, the Complaint alleges that, pursuant to "Tennessee law (e.g., Tenn. Code §§ 47-18-2105 to 2107 (2005))," Defendant "was required by law to maintain adequate and reasonable data and cybersecurity measures to maintain the security and privacy of" Plaintiff's information [Doc. 1 at 26]. The Complaint summarily alleges that Defendant "violated" those provisions "by failing to comply with applicable industry standards, and by unduly delaying reasonable notice of the actual breach" [Doc. 1 at 27]. However, the Complaint fails to identify a specific provision of the TCPA within the vast reach of Sections 47-18-2105 through 47-18-2107 that imposed a duty on, or established a standard of care applicable to, Defendant [*See* Doc. 1 at 13-16, 26-28]. And the Complaint does not include factual allegations showing how Defendant violated any such specific duty or standard of care set forth in the relevant sections of the TCPA [*See id.*]. These failures are fatal. *See Weatherly* 2023 WL 5013823, at *9-10 ("Plaintiff failed to allege *how* Eastman violated either statute. Plaintiff's amended complaint merely cites to those statutes without identifying any standard of care or duty owed to her under those statutes relevant to Eastman's alleged actions."). Plaintiff's "bare assertions" and "legal conclusions" are

5

insufficient to state a negligence per se claim. *See Erdem*, 2023 WL 1116455, at *1. Accordingly, the Court **GRANTS** "Defendant's Motion to Dismiss" [Doc. 19] with respect to Count Two and **DISMISSES** Plaintiff's negligence per se claim.

### 3. Count Three: Invasion of Privacy

Under Tennessee law, "[o]ne who intentionally intrudes, physically or otherwise, upon the solicitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Roberts v. Essex Microtel Assocs., II, LP*, 46 S.W.3d 205, 210 (Tenn. Ct. App. 2000) (quoting Restatement (Second) of Torts § 652B (Am. L. Inst. 1977)).[3] The Complaint alleges that Defendant "allowed unauthorized and unknown third-parties access to and examination of the PHI/PII and financial information of" Plaintiff, which "constitutes an intentional interference" with Plaintiff's "interests in solitude or seclusion" [Doc. 1 at 28-29]. These allegations are not sufficient to state a claim. There are no allegations in the Complaint that Defendant—as opposed to "unknown third-parties"—"intruded" upon Plaintiff's "private affairs or concerns" [*See* Doc. 1 at 28-30]. *See Roberts*, 46 S.W.3d at 210. There is, therefore, no "factual content that allows the court to draw the reasonable inference" that Defendant is liable for invasion of privacy. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court **GRANTS** "Defendant's Motion to Dismiss" [Doc. 19] with respect to Count Three and **DISMISSES** Plaintiff's invasion of privacy claim.

---

[3] Tennessee recognizes four distinct types of "invasion of privacy" claims. *See Beard v. Akzona, Inc.*, 517 F. Supp. 128, 131 (E.D. Tenn. 1981). Through his briefing, Plaintiff clarified that he intended to allege an intrusion upon seclusion type of invasion of privacy claim in the Complaint [*See* Docs. 19 at 12, 23 at 11].

#### 4. Count Four: Breach of Confidence

Under Tennessee law:

> The elements of a claim for breach of confidential relationship are: "(1) the defendant was in a position to influence or control the plaintiff; (2) the defendant used the confidences given to him or her to obtain some benefit from, or advantage over, the plaintiff; and (3) the plaintiff, as the dominated party in the relationship, suffered some detriment at the hands of the defendant."

*Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 736 (Tenn. Ct. App. 2018) (quoting *Givens v. Mullikin ex rel. Est. of McElwaney*, 75 S.W.3d 383, 410 (Tenn. 2002)). The Complaint alleges that Defendant failed "to prevent, detect, and avoid the Data Breach from occurring" "in violation of the [P]arties' understanding of confidence" [Doc. 1 at 31]. However, there are no factual allegations in the Complaint showing that Defendant "used the confidences" Plaintiff gave to it "to obtain some benefit from, or advantage over" Plaintiff [*See* Doc. 1 at 30-32]. *See Heflin*, 571 S.W.3d at 736-37 ("The Heflins have not alleged that the bank used the trust or confidences given to it either to obtain an advantage over them or to extract some benefit from the couple. Iberiabank obtained no benefit from having its employee provide Appellants' address to Mr. Thomas so that Mr. Thomas could rob Mr. Heflin."). Accordingly, the Court **GRANTS** "Defendant's Motion to Dismiss" [Doc. 19] with respect to Count Four and **DISMISSES** Plaintiff's breach of confidence claim.

#### 5. Count Five: Breach of Implied Contract

"Contracts implied in fact arise under circumstances establishing the parties' mutual intention to contract." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524 (Tenn. 2005). "[A] contract implied in fact must embody all the elements of an express contract." *Conner v. Hardee's Food Sys., Inc.*, 65 F. App'x 19, 24 (6th Cir. 2003). That is, a contract implied in fact "must result from a meeting of the minds of the parties in mutual assent to the terms, must be based

7

upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to enforce." *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001).

The Complaint states that Plaintiff and Defendant "entered into implied contracts for Defendant to implement data security adequate to safeguard and protect the privacy of" Plaintiff's PHI, PII, and financial information, and that Defendant "breached the implied contracts" "by failing to safeguard and protect" Plaintiff's PHI, PII, and financial information [Doc. 1 at 32-33]. The Complaint also asserts that a "meeting of the minds occurred [between Plaintiff and Defendant] when" Plaintiff "agreed to, and did, provide [his] PHI/PII and financial information to" Defendant, "in exchange for, amongst other things, the protection of [his] PHI/PII and financial information" [Doc. 1 at 33]. But the Complaint is void of factual allegations to support the legal assertion that a "meeting of the minds occurred" as to the formation of an implied contract or the essential terms of the purported implied contract [*See* Doc. 1].

The failure to plead factual allegations supporting a meeting of the minds is fatal. The Complaint does not include "factual content that allows the court to draw the reasonable inference that" Plaintiff and Defendant had a meeting of the minds regarding the essential terms of an implied contract [*See* Doc. 1 at 32-33]. *See Iqbal*, 556 U.S. at 678. In fact, the Complaint does not allege that Plaintiff and Defendant met, or even engaged in an exchange, regarding the terms of any implied contract [*See* Doc. 1 at 32-33]. *See Simonetti v. McCormick*, No. M2021-00754-COA-R3-CV, 2022 WL 1633798, at *1-2, 4 (Tenn. Ct. App. May 24, 2022) (holding that no valid contract exists where a third-party intermediary did not relay the purported contract's terms). Accordingly, the Court **GRANTS** "Defendant's Motion to Dismiss" [Doc. 19] with respect to Count Five and **DISMISSES** Plaintiff's breach of implied contract claim.

### 6. Count Six: Breach of Implied Covenant of Good Faith and Fair Dealing

The Complaint alleges that "Defendant breached the implied covenant of good faith and fair dealing by failing to maintain adequate" computer security and "failing to timely and accurately disclose the Data Breach" to Plaintiff [Doc. 1 at 34]. But "a claim based on the implied covenant of good faith and fair dealing is not a stand alone claim; rather, it is part of an overall breach of contract claim." *Jones v. LeMoyne-Owen Coll.*, 308 S.W.3d 894, 907 (Tenn. Ct. App. 2009). Because Plaintiff has not adequately alleged a claim for breach of implied contract, he cannot maintain any claim for breach of the implied covenant of good faith and fair dealing. *See id.* Accordingly, the Court **GRANTS** "Defendant's Motion to Dismiss" [Doc. 19] with respect to Count Six and **DISMISSES** Plaintiff's breach of implied covenant of good faith and fair dealing claim.

### 7. Count Seven: Unjust Enrichment

Unjust enrichment under Tennessee law is an equitable claim. As such, "[c]ourts will impose a contractual obligation under an unjust enrichment theory when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation." *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998). The Complaint alleges that "Defendant was unjustly enriched at the expense of" Plaintiff. But the Complaint fails to allege that "there is no contract between the parties or a contract has become unenforceable or invalid" [*See* Doc. 1 at 34-35]. *See Holloway*, 973 S.W.2d at 596. Plaintiff could have pled his breach of contract and unjust enrichment claims in the alternative, but he chose not to do so in the Complaint. Accordingly, the Court **GRANTS** "Defendant's Motion to Dismiss" [Doc. 19] with respect to Count Seven and **DISMISSES** Plaintiff's unjust enrichment claim.

### 8. Count Eight: Violation of TCPA

Finally, Plaintiff alleges that Defendant "committed unfair or deceptive acts" in violation of Section 47-18-104 of the TCPA [*See* Doc. 1 at 36]. Under the TCPA:

> Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person ***of an unfair or deceptive act or practice described in § 47-18-104(b)*** and declared to be unlawful by this part, may bring an action individually to recover actual damages.

Tenn. Code Ann. § 47-18-109 (emphasis added). Section 47-18-104(b) sets forth fifty-two (52) unique enumerated means through which an individual or entity could engage in an "unfair or deceptive act or practice" in violation of the law. *See id.* at § 47-18-104(b). To state a claim, a complaint must "specifically allege a violation of the TCPA or loss under any of the enumerated provisions at section 47-18-104(b)." *White v. Miller*, No. M2016-00888-COA-R3-CV, 2017 WL 3769409, at *6 (Tenn. Ct. App. Aug. 30, 2017). Here, while the Complaint alleges facts regarding what Defendant did, or failed to do, the Complaint fails to identify a specific enumerated means by which Defendant allegedly violated the TCPA [*See* Doc. 1]. And the Complaint is devoid of facts sufficient to allege a violation of a specific enumerated provision of Section 47-18-104(b) [*See* Doc. 1 at 36-39]. Accordingly, the Court **GRANTS** "Defendant's Motion to Dismiss" [Doc. 19] with respect to Count Eight and **DISMISSES** Plaintiff's TCPA claim.

### B. Plaintiff's Request for Leave to Amend

Under Local Rule 15.1, "[a] party who moves to amend a pleading ***shall*** attach a copy of the proposed amended pleading to the motion." E.D. Tenn. L.R. 15.1 (emphasis added). "A failure to comply with" Local Rule 15 "may be grounds for denial of the motion." *Id.* Because Plaintiff failed to comply with Local Rule 15.1, the Court **DENIES** Plaintiff's request to amend his Complaint at this time.

### III. Conclusion

As set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** "Defendant's Motion to Dismiss" [Doc. 19] and **DENIES** Plaintiff's request to amend his Complaint [Doc. 23 at 17].

IT IS SO ORDERED.

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge