UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TRI THAI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:22-CV-315-KAC-DCP |
| | ) |
| MOLECULAR PATHOLOGY | ) |
| LABORATORY NETWORK, INC., | ) |
| | ) |
| Defendant. | |

### ORDER CLOSING CASE

This is an action by Plaintiff Tri Thai against Defendant Molecular Pathology Laboratory Network, Inc. [*See* Doc. 1]. On March 1, 2024, the "parties" filed a "Stipulated Order of Dismissal with Prejudice and without Costs or Attorneys' Fees to Any Party" [Doc. 41], in which the "parties hereby stipulate to dismiss this action with prejudice" [Doc. 41 at 1]. The caption of the Stipulation lists Molecular Pathology Laboratory Network, Inc., and "Does 1 through 100, inclusive" as "Defendants" [Doc. 41 at 1]. This is perplexing. Only Defendant Molecular Pathology Laboratory Network, Inc. has been named as a defendant in this action [*See* Doc. 1 at 6; *see also* Doc. 40 at 4]. And only Defendant Molecular Pathology Laboratory Network, Inc. has appeared in this action [*See* Doc. 11]. Attorneys who have appeared on behalf of Defendant Molecular Pathology Laboratory Network, Inc. signed the Stipulation on behalf of "Defendant" [Doc. 41 at 1-2]. And counsel for Plaintiff signed the Stipulation [*Id.* at 1]. The Stipulation is styled as an Order with space for the undersigned to counter-sign the Stipulation [*Id.*].

The Federal Rules of Civil Procedure provide two (2) distinct procedures for dismissal that are relevant here. ***First***, under Rule 41(a)(1)(A)(ii), "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." "Rule

41(a)(1)(A)(ii) orders, generally speaking are 'self-executing' and do 'not require judicial approval.'" *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 540 (6th Cir. 2013) (quoting *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997)). **Second**, under Rule 41(a)(2), "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Here, all Parties who have appeared in this action have signed and filed a stipulation of dismissal, satisfying the requirements for dismissal under Rule 41(a)(1)(A)(ii) [*See* Doc. 41 at 1-2]. Therefore, the Stipulation was effective on March 1, 2024 when filed, and no order from this Court is required. *See Exact Software N. Am., Inc.*, 718 F.3d at 540; *see also Dillon-Barber v. Regents of the Univ. of Mich.*, 51 F. App'x 946, 951 (6th Cir. 2002). This Stipulation, however, does not reach beyond the parties to this action to "Does 1 through 100, inclusive" who have not been named in, or appeared in, this action. To the extent the reference to "Does 1 through 100, inclusive" in the caption of the Stipulation was intended to be anything more than an errant reference or scrivener's error, it is ineffective.

SO ORDERED.

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge